UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAM ROSS PEHRINGER, SR., <br><br> Plaintiff, <br><br> vs. <br><br> CORIZON HEALTH CARE, RECEDIVEZ-REAL TIME DATE, CORIS, LINDSEY DALLAS, <br><br> Defendants. | Case No. 1:21-cv-00372-BLW <br><br> **INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Adam Ross Pehringer, Sr., was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 4, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff's claims are subject to dismissal as de minimis claims not protected by the United States Constitution.

## BACKGROUND

As best the Court can tell, the circumstances that underlie the claims in the Complaint are as follows. Plaintiff may amend to clarify and to provide further facts if he desires to avoid summary dismissal of this action.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

Plaintiff takes the prescription medication Venlafaxine for persistent depression. On May 2, 2021, Plaintiff did not appear for pill call and missed his morning dose of the medication. Afterwards, he asked several staff members to retrieve his medication, but none was willing to do so. He became angry with staff, for which he received a Class B Disciplinary Offense Report (DOR), and he was taken to segregation. In this action, he sues Nurse Lindsey Dallas for withholding his medication, even though she knew that he was being taken to solitary confinement and had attempted suicide several times in the past. Plaintiff asserts that he suffered psychological and emotional trauma from staff not providing him with the medication, which led to his anger, which led to solitary confinement, which in turn led to two suicide attempts.

Plaintiff filed a grievance on May 10, 2021 (attached to the Complaint), where he reported to prison officials that he was "continually being denied and/or having issues receiving Venlafaxine. By way of neglect." Dkt. 4-1, p. 1 (spelling regularized). Plaintiff complained that the staff dispensing medications were "[t]ampering with dose, and/or distributing unknown by appearance, capsule form and color prescriptions possibly not prescribed by a physician. This led to [his] term in segregation/Unit A and ultimately to a Class B D.O.R. Psychological mistreatment continues to this day." Dkt. 4-1, p. 5 (spelling regularized). In his grievance, Plaintiff asked that his "D.O.R. for disobedience to orders" be dismissed or lowered to a Class C offense and that he be transferred to a minimum security facility.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

On appeal of his grievance, Plaintiff asserted that no one responded to help him obtain his medication after he did not receive his morning dose. The appellate response was, "A review of your medical record shows you have received Venlafaxine every day as ordered from 12/30/21 to today (5/26/21) with the exception of 5/2/21. You clearly are not being denied medication. You did not receive your medication on 5/2 because you did not come to pill call." *Id*., p. 6.

Plaintiff filed a second grievance on June 6, 2021, asserting that he was *almost* given an unprescribed dose of Venlafaxine. When an error was discovered during pill call, Nurse Practitioner Zackary Jones came to review the medication and to give him the right dose. However, Plaintiff alleges that Jones deliberately withheld and concealed a 100 mg tablet of Venlafaxine under his finger rather than administering it to him.

In the second grievance, Plaintiff clarified that it was not his intent to grieve issues already included in his prior grievance that addressed "situations over and over at random the last 14 months ultimately leading up to me being denied my psychological medication by unit D correctional officers." Dkt. 4-1, p. 1. His grievance appeal asked that his Class C DOR be removed from his record. The staff response was: "I'm sorry you had an issue with your medication almost being administered incorrectly. Good to hear you did receive the correct dose." *Id*.

In this lawsuit, Plaintiff brings Eighth Amendment claims against Defendants Corizon Health Care, Recidivez – Real Time Data, Coris, and Lindsey Dallas, seeking

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

$500,000 in damages and release on parole.[1]

1. **Standard of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the Prison Litigation Reform Act (PLRA)[2] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal*/*Twombly* standard.

---

[1] The Supreme Court has made it clear that when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, release from incarceration, including parole, is not an available remedy in § 1983 action.

[2] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Under the PLRA, the Court retains screening authority to dismiss claims "at any time" during the litigation, regardless of fee payment. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). While conditions of confinement may be harsh and restrictive without being a violation of the Eighth Amendment, they cross the

line of acceptability when they (1) involve "the wanton and unnecessary infliction of pain," (2) are "grossly disproportionate to the severity of the crime warranting imprisonment," (3) result "in unquestioned and serious deprivation of basic human needs," or (4) deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d at 726 731 (9th Cir. 2000). In *McKune v. Lile*, 536 U.S. 24 (2002), the United States Supreme Court explained that, in determining whether a constitutional claim lies, "[c]ourts must decide whether the [facts] are closer to the physical torture against which the Constitution clearly protects or the *de minimis* harms against which it does not." *Id*. at 41.

      The Eighth Amendment includes the right to adequate medical care in prison, and prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Gamble*, 429 U.S. at 106. This required "subjective" showing of "deliberate indifference" exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer,* 511 U.S. at 838.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

2. Discussion

Plaintiff has alleged, without sufficient factual support, that he was without his prescription pain medication more than once. Prison officials have told him that his medical records show that he was given his medication every day except May 2. He has not alleged sufficient facts showing this is not true.

Missing a dose of a prescription medication in prison every now and then amounts to de minimis harm, not "cruel and unusual punishment." In addition, as to Plaintiff's asserted harm caused by the missed pill, there is an inadequate causal link between prison officials declining to come back after pill call and administer Plaintiff's medication on May 2 and his subsequent DOR, solitary confinement, and suicide attempts. Plaintiff's decision to become angry with staff is an intervening cause for which he cannot blame staff.

Should Plaintiff have further facts showing that prison officials were deliberately indifferent to his medical needs by withholding his depression medication often, he may file an amended complaint. Plaintiff must also allege facts showing that prison officials deliberately ignored a risk of serious harm to him, and that any pill distribution issues were not simply due to changes in procedures due to development of a new system to meet COVID-19 pandemic restrictions. If Plaintiff has no further facts, he should file a notice of voluntary dismissal, because his current allegations fail to state a claim upon which relief can be granted.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

As to Defendant Corizon, to bring a § 1983 claim against a municipality (local governmental entity) or a private entity performing a government function, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "a municipality [or entity] can be found liable under § 1983 only where the municipality [or entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). All policy-based claims must meet the pleading standards clarified by *Bell Atlantic Corp. v. Twomby*, 550 U.S. 544 (2007), and *Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *See Twombly*, 550 U.S. at 555.

Plaintiff has provided insufficient allegations to state a claim against Corizon. Without specific factual allegations about (1) what the Corizon policies were; (2) what

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

the Corizon policy makers actually did, and (3) how the policies caused the medical providers to provide inadequate care, Plaintiff has not stated a claim. For example, he must allege facts raising a plausible inference that the treatment chosen by the individual medical providers, or a detrimental delay in provision of treatment, was not due to the providers' own independent decisions regarding whether skipping one dose of Plaintiff's medication would cause serious harm, based on their educational training and work experience—because that situation itself does not equate to deliberate indifference. An official's chosen act or omission does not necessarily mean that the entity has a policy encouraging or requiring that act or omission.

Plaintiff's allegations are directed only at Nurse Lindsey Dallas. He has stated no allegations against the other Defendants. He must clearly specify what each Defendant did to cause him harm in any amended complaint.

3. **Conclusion**

Plaintiff may not proceed because he has failed to state a federal claim against Defendants. He must submit an amended complaint for further screening. The amended complaint must be intended to replace the original Complaint in full. Alternatively, he may file a notice of voluntary dismissal.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

## ORDER

**IT IS ORDERED** that Plaintiff shall submit an amended complaint or a notice of voluntary dismissal within **30** days after entry of this Order. Failure to take further action may result in dismissal of the original Complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b) without further notice.

DATED: December 3, 2021

B. Lynn Winmill
U.S. District Court Judge