UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ADAM ROSS PEHRINGER, SR., | |
| Plaintiff, | Case No. 1:21-cv-00372-BLW |
| vs. | **SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |
| CORIZON HEALTH CARE, RECEDIVEZ-REAL TIME DATE, CORIS, LINDSEY DALLAS, ZACHARY JONES, | |
| Defendants. | |

Earlier in this matter, the Court informed Plaintiff Adam Ross Pehringer, Sr., that the Complaint lacked sufficient factual allegations to proceed. Plaintiff has filed an Amended Complaint. Dkt. 8. After reviewing the Complaint, the Court has determined that Plaintiff may proceed to the next stage of litigation against the individual defendants, but not the entity defendants.

Plaintiff asserts that Defendants Lindsey Dallas and Zachary Jones gave him incorrect dosages of his depression medical several times, even though they were informed and had access to the correct dosages and informed of the seriousness of his mental health condition. Plaintiff asserts that he attempted suicide as a result of their

treatment of him. Because these allegations, if true, could meet the deliberate indifference standard, Plaintiff will be permitted to proceed against these two Defendants.

The Court will not repeat the standards of law applicable to suing entities in civil rights actions, but refers Plaintiff to the Initial Review Order. Dkt. 6. Plaintiff again asserts but has not provided sufficient facts to support his bald contention that "it has become clear that there is a pattern of established cruel and unusual punishment, the intent being to influence by negligence the Plaintiff into either harming himself or others and/or the intent of influencing the Plaintiff to commit suicide." Dkt. 8, p. 2. There are insufficient allegations showing that the two individual Defendants colluded together with the approval or direction of Corizon, the contracted medical provider for the Idaho Department of Correction during the time period in question; or that the individuals acted in conformity with a company pattern, practice, or policy endorsed by Corizon. Plaintiff may be able to add this Defendant by amendment after discovery if he finds sufficient factual information to support a claim against this entity.

Defendant also asserts that Defendants Recidivez – Real Time Data and Coris collect data and transmit it to IDOC personnel to facilitate an assessment of the medical and mental health status of each prisoner patient. Plaintiff has not shown that either Defendant does anything other than provide information or has a duty to do anything other than provide information. It is the staff who allegedly have the duty to act on such information. Plaintiff may not proceed against these Defendants at this time because there is no causal link between their acts and Plaintiff's alleged injuries.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2**

Plaintiff may proceed as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

Defendants may file a motion for dismissal on any basis other than failure to state a claim. Because prisoner filings must be afforded a liberal construction, prison officials often possess the evidence prisoners need to support their claims, and many defenses are supported by incarceration records, an early motion for summary judgment is often the more appropriate vehicle than a motion to dismiss for asserting defenses of failure to exhaust administrative remedies or entitlement to qualified immunity. In such instances, the parties will be required to exchange limited information and documents directly relevant to the defense at issue.

## ORDER

**IT IS ORDERED:**

1.     Plaintiff may proceed on the following claims: Eighth Amendment claims against Defendants Lindsey Dallas and Zachary Jones. All other claims against all other Defendants are DISMISSED, and all other Defendants are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to

amend the complaint to assert such claims.[1]

2.      Defendants will be allowed to waive service of summons by executing, or
having their counsel execute, the Waiver of Service of Summons as
provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30
days. If Defendants choose to return the Waiver of Service of Summons,
the answer or pre-answer motion will be due in accordance with Rule
12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the
Complaint (Dkt. ), a copy of this Order, and a Waiver of Service of
Summons to the following counsel:

> **Kevin West and Dylan Eaton,** Parsons Behle & Latimer, 800 W.
> Main Street, Suite 1300, Boise, Idaho, 83702, on behalf of
> Defendants.

3.      Should any entity determine that the individuals for whom counsel
for the entity was served with a waiver are not, in fact, its employees
or former employees, or that its attorney will not be appearing for
the entity or for particular former employees, it should file a notice
within the CM/ECF system, with a copy mailed to Plaintiff,

---

[1] Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

indicating which individuals for whom service will not be waived.

4.      If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

5.      The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

6.      Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

7.      Dispositive motions must be filed no later than 300 days after entry of this Order.

8.      Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 5**

9.     The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10.    All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

11.    No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 6**

12.     Plaintiff must notify the Court immediately if Plaintiff's address

changes. Failure to do so may be cause for dismissal of this case

without further notice.

13.     Pursuant to General Order 324, this action is hereby returned to the

Clerk of Court for random civil case assignment to a presiding

judge, on the proportionate basis previously determined by the

District Judges, having given due consideration to the existing

caseload.

DATED: September 13, 2022

B. Lynn Winmill
U.S. District Court Judge